# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| THERESA GONDOLFO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV617-133 |
| | ) | |
| ALETA COVINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* defendant Aleta Covington has filed a Notice of Removal of a dispossessory action against her in the Magistrate Court of Bulloch County, Georgia. Doc. 1. She also seeks leave to proceed *in forma pauperis*. *See* doc. 2. For jurisdictional purposes only, the Court **GRANTS** her motion. Theresa Gondolfo filed a dispossessory action against Covington for failure to pay rent. *See* doc. 1 at 8. Covington contends that this Court has jurisdiction, supporting removal from the state court, because the Complaint "fails to allege compliance with the Civil Rights Act of 1968[, and] Defendant is African American and Plaintiff is Caucasian and Defendant maintains there is a discrimination issue." *Id.* at 2.

The party removing an action bears the burden of establishing federal jurisdiction. *See, e.g., Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002). Removal jurisdiction is narrowly construed, with all doubts resolved in favor of remand. *See Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013); *see also Vulcan Steel Structures, Inc. v. Murphy*, 2015 WL 13413348 at * 2 (M.D. Ga. Aug. 4, 2015). "Absent diversity of citizenship, federal-question jurisdiction is required," and its "presence or absence . . . is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[1] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citing, *inter alia*, *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")). The Magistrate Court filings that Covington has

---

[1]  Although the parties may reside in different states, *see* doc. 1 at 7 (listing Gondolfo's address as a P.O. box in California and Covington's address in Statesboro, Georgia), the amount in controversy is clearly below the jurisdictional threshold for diversity jurisdiction. *See id.* (listing amount of past-due rent and late fees totaling $700); 28 U.S.C. § 13312(a) (requiring amount in controversy to exceed $75,000 to establish federal jurisdiction based on diversity of citizenship).

attached to her Notice of Removal state only that the plaintiff/landlord demands past-due rent and late fees. *See* doc. 1 at 7-8. Landlord-tenant disputes about rent are generally matters of state law. *See Am. Homes 4 Rent Props. Eight, LLC ISAOA v. Green*, 2015 WL 5043222 at * 2 (S.D. Ga. Aug. 25, 2015) (remanding removed dispossessory action despite allegation of violation of three specific federal provisions, because those "claims were not present on the face of Plaintiff's complaint and thus cannot be considered for purposes of federal question jurisdiction.") (citing *Nguyen v. Hinton*, 2015 WL 3407856 at * 2 (N.D. Ga. May 26, 2015) (stating that a dispossessory action is "fundamentally a matter of state law"); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (a dispossessory claim is "exclusively a matter of state law")).

Defendant's invocation of the Civil Rights Act of 1968 and her conclusory assertion of "discrimination," based on nothing more than the fact that she and her landlord are not the same race, are insufficient to support removal.[2] This case should, therefore, be **REMANDED** to the

---

[2] Covington does cite several cases in her Notice of Removal. *See* doc. 1 at 2-3. Even assuming that the Court accepted the cited cases from the United States Court of Appeals for the Ninth Circuit as persuasive authority, neither they nor the United

3

Magistrate Court of Bulloch County, Georgia.  Since this case should be remanded, Gondolfo's dismissal motion (doc. 5) should be **DENIED** as moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

---

States Supreme Court cases cited establish anything more than the general principles of removal jurisdiction.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>12th</u> day of October, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA